## No. 5705.

### J. A. DONNALLY & SON VS. THE MERCHANTS' MUTUAL INSURANCE COMPANY.

An implied warranty of *seaworthiness* enters into every policy of insurance on vessels or on freight. Thus, when the owners of a vessel insure freight and the vessel is lost, the insurers may resist the payment of the sum for which the freight has been insured, on the ground that the vessel was unseaworthy.

If the insurers have received the payment of premium on some specific amount indorsed on the policy as the amount insured for, they will be liable for that amount.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *George L. Bright*, for the plaintiffs. *A. & W. Voorhies*, for defendants.

MORGAN, J. Plaintiffs effected insurance with the defendant company

on fifty-five per cent of the amount of freight on staves, timber, or lumber loaded on flats or barges by them, or for their account, navigating on the Mississippi river between Cairo and New Orleans. On this policy is indorsed, July 14, 1873, fifty-five per cent on freight to amount of $2310, flat No. 41. The flat No. 41 started on a voyage from Columbus, Kentucky, to New Orleans on the tenth of July, 1873. On the night of the thirteenth of July she grounded about eight miles below Helena, Arkansas. She became a total loss; plaintiffs' freight was not earned, and they seek to recover from the defendants the amount which they say is covered by their policy. The cargo was abandoned by the owners thereof to the defendants and to the Sun Insurance Company, in whose offices it is insured. Plaintiffs claim from the defendants, in addition to the amount of their insurance, seventy-three dollars, the value of a check-line used by them in work done on the flat after it came under their control.

The defendants do not dispute the entry on the policy, but they say that plaintiffs failed to give notice of the loss as required by law and by the policy, and to furnish preliminary proof in due time. They also say that the boat was unseaworthy in several respects, and more especially in not having an anchor on board.

The defendants complain of the judgment of the district court, which was against them, and they say that it is erroneous:

First—In condemning them to pay the value of the check-line.

Second—In rejecting their defense of unseaworthiness, both as regards the matter of the anchor, and the incompetency, negligence, and ill-conduct of the officers of the barge.

Third—That the policy sued on is not a valued policy, and that plaintiffs have failed to prove the amount or value of the freight.

First—The check-line was not insured. But it was used in working the flat, and with the view of saving the cargo, which was partly insured in the defendants' company. The use of the line was proved. Also, that it was not returned. The value is also established. As it was used in the defendants' service, they should pay for it; not because it was insured, but because it was appropriated to their use and for their benefit.

Second—In every policy there is an implied warranty of seaworthiness, and this is a condition precedent on the part of the insured. 8 Peters, 557. Whether the equipment of a vessel is sufficient to fulfill the warranty, must depend upon the nature of the voyage proposed. 8 Peters, 557.

The evidence satisfies us that it is not usual for flats used on the Mississippi river to carry anchors, and that an anchor is not, therefore, to make them seaworthy. Neither do we think that there was such incompetency, negligence, or ill-conduct of the officers of the vessel as

would vitiate.the policy. There is no evidence that the boat was badly navigated. The next morning after she grounded the captain went to Helena, about eight miles off, to procure assistance, in the hope that he ·could get a steamer to pull her off. This it was proper for him to do. While absent she sank. The loss we attribute to the dangers of naviga-·tion.

Third—By the policy freight is insured to the amount of $2310, and on the same day the above entry was made freight to the amount of $1270 was indorsed on the policy, and the premium thereon was paid. This, we think, fixes the amount which the company contracted to pay in case of loss.

Judgment affirmed.